THE STATE OF OHIO, APPELLEE, *v.* DURCH ET AL., APPELLANTS.

(Nos. 3325 and 3326—Decided June 11, 1984.)

*Dan Gerin,* for appellee.
*Thomas Townley,* for appellants.

DAHLING, J. This is an appeal from a judgment of the Municipal Court of Warren, Ohio, wherein the defendants-appellants, Jerry and Susan Durch, entered a no contest plea to cruelty to animals. They were found guilty and each fined $50 and costs. The fines were suspended. They were also ordered to pay for the care of the dogs.

On February 17, 1983, the Animal Welfare League of Trumbull County received a report of possible cruelty to animals at the residence of the appellants. On February 18, 1983, Mr. Morgan and Ms. Naylor, of the league, went to investigate the report.

From the street they observed the appellants' Pomeranian tied to a tree in the front yard. From an outward appearance, the dog seemed in satisfactory condition. As they drove their vehicle up the driveway where they met with the appellants' babysitter, they were informed that the other animals owned by the appellants were in the back yard.

From the driveway they could see into the yard where they observed a Doberman and a Great Dane. These dogs were very skinny and appeared gaunt and weak. All three dogs were removed after the babysitter signed a statement which authorized the taking.

The appellants were charged under R.C. 959.13 which provides, in part:

"(A) No person shall:

"(1) Torture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water;

"(2) Impound or confine an animal without affording it, during such confinement, access to shelter from wind, rain, snow, or excessive direct sunlight if it can reasonably be expected that the animals would otherwise become sick or in some other way suffer. Division (A)(2) of this section does not apply to animals impounded or confined prior to slaughter. For the purpose of this section,

shelter means a man-made enclosure, windbreak, sunshade, or natural windbreak or sunshade that is developed from the earth's contour, tree development, or vegetation[;]

"(3) Carry or convey an animal in a cruel or inhuman[e] manner;

"(4) Keep animals other than cattle, poultry or fowl, swine, sheep, or goats in an enclosure without wholesome exercise and change of air, * * *."

Defendants-appellants entered pleas of not guilty. A motion to suppress was filed which, after hearing, was overruled.

The appellants then entered pleas of "no contest." They were found guilty. Each was fined $50 which was suspended, and ordered to pay costs and make restitution for veterinarian expenses and care.

The sole assignment of error is as follows:

"I. The trial court erred in overruling the appellants' motion to suppress evidence."

This assignment of error is without merit.

The appellants contend that the seizure of the dogs from their residence was in violation of the Fourth Amendment.

*State* v. *Osborn* (1980), 63 Ohio Misc. 17 [16 O.O.3d 88], stands for the proposition that the Fourth Amendment applies to searches and seizures by humane society officers. An officer lawfully present on a farm or other private property may testify as to what he saw and heard from such vantage point.

The appellants assert that seizure of the dogs was not subject to the "plain view exception" to the warrant requirement of the Fourth Amendment. This view is not supported by the record.

The Pomeranian could be seen from the street. The Doberman and Great Dane, which were in the back yard, could be seen from the driveway. "Absent facts indicating to the contrary, homeowners or other legal occupiers of a residence do not have a reasonable expectation of privacy as to what can be routinely viewed from their driveway, sidewalk, doorstep or other normal routes of ingress to or egress from the home." *Osborn, supra,* paragraph three of the syllabus. It is clear that the Animal Welfare League persons met the "plain view exception" requirements.

The judgments of the trial court are affirmed.

*Judgments affirmed.*

Cook, P.J., and Ford, J., concur.